UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
R. ALEXANDER ACOSTA, Secretary of Labor, United   :
States Department of Labor,

                                     :   **COMPLAINT**

             Plaintiff,

                 v.                  :

RAMIZA FOOD CORP. d/b/a FOOD FARM   Civil Action No.   18-cv-03445
SUPERMARKET and DESI FOOD MARKET; SHEAK   :
RIPON a/k/a/ SHEAK RIPON RONY, individually; and
SYEDA SHAHTAJ, individually,   :

                                       :

            Defendants.
-----------------------------------------------------------------------

**INTRODUCTION**

1.     Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor (the "Secretary"), by and through undersigned counsel, brings this action pursuant to the authority granted by Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 217, 29 U.S.C. § 201, *et seq.* (the "Act" or the "FLSA"). The Secretary brings this action to restrain ongoing violations of Sections 6, 7(a), 11(a), 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 206, 207(a), 211(a), 211(c), 215(a)(2), 215(a)(3), and 215(a)(5), and to recover back wages and liquidated damages.

2.     Defendants RAMIZA FOOD CORP. d/b/a FOOD FARM SUPERMARKET and DESI FOOD MARKET, SHEAK RIPON a/k/a SHEAK RIPON RONY, and SYEDA SHAHTAJ (collectively, "Defendants") have engaged in a variety of schemes to deny their employees minimum wages and proper overtime wages. Particularly, Defendants have paid their employees a fixed salary for all hours worked, without paying them overtime premium compensation, even though employees have consistently worked in excess of 40 hours per week. Defendants also have

failed to pay employees who are separating from Defendants for their final week(s) of work, and routinely delay payment to their employees by days or weeks after their regularly scheduled payday.

3.      In addition to denying their employees minimum wages and proper overtime wages, Defendants have unlawfully interfered with and obstructed the Secretary's investigation. The Secretary is charged with investigating employers to ascertain their compliance with, *inter alia*, the minimum wage, overtime, and recordkeeping requirements set forth in the FLSA.  But almost immediately after the Department of Labor (the "Department") initiated its investigation of Defendants, Defendants embarked on a campaign of obstruction, falsification, and witness intimidation designed to frustrate the Department's investigation and hide Defendants' violations of the Act.

4.      Defendants' obfuscation is compounded by their failure to keep accurate records of the hours worked and wages paid to employees, as required by the FLSA.

5.      Defendants' interference with the Department's investigation and their failure to keep accurate records of hours worked undermines the ability of the Secretary to fulfill his statutory obligation to fully investigate Defendants' compliance with the Act.

6.      Accordingly, the Secretary brings this action, *inter alia*, to enjoin Defendants from further acts of obstruction and retaliation, including threatening to retaliate against employees for protected activity; to require Defendants to pay their employees in compliance with the Act and maintain accurate records; and to recover back wages, liquidated damages and other appropriate relief.

## JURISDICTION AND VENUE

7.      Jurisdiction over this action is properly conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

8.      Venue is proper in the United States District Court for the Eastern District of New York because a substantial part of the events or omissions giving rise to the claims herein occurred within this District, specifically, in Nassau and Queens Counties.

## FACTUAL ALLEGATIONS

### The Parties

9.      Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, is vested with authority to sue to restrain violations of the FLSA, recover back wages and liquidated damages, and is the proper plaintiff for this action.

10.      Defendant RAMIZA FOOD CORP. is a corporation organized under the laws of the State of New York, having its principal office at 351 N. Central Avenue, Valley Stream, NY 11580, and having places of business in Queens and Nassau counties, within the jurisdiction of this Court.

11.      Defendant RAMIZA FOOD CORP. owns and operates a supermarket at 351 N. Central Avenue, Valley Stream, NY (the "Valley Stream Store").

12.      On information and belief, Defendant RAMIZA FOOD CORP. owns and operates a supermarket at 89-61 Francis Lewis Boulevard, Queens Village, NY 11427.

13.      On information and belief, Defendant RAMIZA FOOD CORP. owns and operates a supermarket at109-19 Liberty Avenue, South Richmond Hill, New York 11419.

14.      On information and belief, Defendant RAMIZA FOOD CORP. owns and operates a supermarket at 241-11 Linden Boulevard, Elmont, NY 11003.

15.     Defendants' store in Elmont, NY is not yet open to the public.

16.     On information and belief, Defendants operate each of the above-listed supermarket locations under the name Food Farm Supermarket ("Food Farm").

17.      Defendants also do business at each of the above-listed locations under the name Desi Food Market.

18.     Defendant RAMIZA FOOD CORP. has regulated the employment of all persons employed by it, acted directly and indirectly in the company's interest in relation to the employees, and thus is an "employer" of the employees within the meaning of Section 3(d) of the FLSA and is a "person" within the meaning of Section 3(a) of the FLSA.

19.     Defendant SHEAK RIPON RONY is the Chief Executive Owner of defendant RAMIZA FOOD CORP. and is in active control and management of defendant RAMIZA FOOD CORP.

20.     Defendant SHEAK RIPON RONY has authority to and does hire, fire and supervise employees, set the hours and compensation of employees, and otherwise acts directly and indirectly in the interest of defendant RAMIZA FOOD CORP. in relation to employees, and is an "employer" of the employees within the meaning of Section 3(d) of the FLSA and is a "person" within the meaning of Section 3(a) of the FLSA.  Defendant SHEAK RIPON RONY resides in Nassau County, New York, within the jurisdiction of this Court.

21.     Defendant SYEDA SHAHTAJ is a manager at RAMIZA FOOD CORP. and is in active control and management of defendant RAMIZA FOOD CORP.

22.     Defendant SYEDA SHAHTAJ has authority to hire employees, and she has the authority to and does fire, supervise, set the hours and compensation of employees, and otherwise act directly and indirectly in the interest of defendant RAMIZA FOOD CORP. in relation to

4

employees, and is an "employer" of the employees within the meaning of Section 3(d) of the FLSA

and is a "person" within the meaning of Section 3(a) of the FLSA.  Defendant SYEDA SHAHTAJ

resides in Nassau County, New York, within the jurisdiction of this Court.

### Defendants are an Enterprise Engaged in Commerce

23.     The business activities of Defendants, as described herein, are related and

performed through common control for a common business purpose and constitute an enterprise

within the meaning of Section 3(r) of the Act.

24.     On information and belief, at all relevant times the enterprise had an annual gross

volume of sales made or business done in an amount not less than $500,000.00.

25.     Defendants' enterprise has employees selling goods that have been moved in or

produced for commerce, such as fresh produce and specialty grocery items. For example, Food

Farm advertises on its website that it "specializes in hard to find ethnic foods from around the

globe" and that the company "import[s] its foods daily." Therefore, the employees are employed

in an enterprise engaged in commerce or in the production of goods for commerce within the

meaning of Section 3(s)(1)(A) of the Act.

### Defendants' Employment and Pay Practices at the Valley Stream Store

26.     Defendants' employees at the Valley Stream Store, including employees who work

in the bakery, the produce section, the grocery section, and the meat section, typically work six

days per week, and sometimes seven days in a week.

27.     Many of Defendants' employees typically start work each day at 8:00 a.m., and

sometimes as early as 7:00 a.m., and finish work each day at 6:00 p.m. or 7:00 p.m. In total,

employees typically work well in excess of forty hours per week; many of Defendants' employees

work at least 54 to 60 hours per week.

28.     Defendants pay their employees a fixed daily or weekly salary for all hours worked. For example, Defendants pay employees in the bakery, produce, grocery, and meat sections fixed weekly salaries without regard to the number of overtime hours employees work even though many of these employees typically work at least 54 to 60 hours per week, well in excess of forty hours per week. The fixed salaries that Defendants pay employees typically ranges from $300 to $600 per week, depending on the employee.

29.     Although Defendants' employees typically work significantly more than forty hours per week, they are not paid time-and-one-half their regular rate of pay for the hours above 40 that they work in one week.

30.     Defendants pay some employees entirely in cash, and they pay some employees by a combination of cash and check.

31.     Payday at the Valley Stream store is typically on Sunday.  Defendants have a one-week lag in their payroll, meaning that Defendants pay employees each Sunday for the workweek that ended eight days earlier, i.e. the workweek that ended on Saturday of the previous week.

32.     Defendants often do not pay their employees on their regular Sunday payday, and instead pay employees days or weeks later. For example, in the last several months multiple employees were not paid by Defendants until at least two weeks after their regular pay day.

33.     For employees who stop working for Defendants, Defendants have often failed to pay these employees at all for their final week(s) of work.

**Defendants' Record-Keeping Practices at the Valley Stream Store**

34.     Defendants maintain and produced to the Secretary handwritten time records that purport to record employees' starting and stopping times each day, and computer-generated payroll

records that purport to record employees' total hours, total pay, hourly rates and overtime rates, among other things.

35.     Many of Defendants' employees are not listed at all in Defendants' time or payroll records.

36.     Defendants' payroll records often falsely indicate that employees worked only forty hours or less per week. In some instances, Defendants' own time records show employees working more than forty hours in a week when Defendants' payroll records showed forty or less.

37.     For example, for the week ending November 12, 2016, the payroll records falsely state that employees Akm Shamim and Antonio Astudillo worked only forty hours per week, whereas the handwritten time records indicate that these employees actually worked 45 and 48 hours, respectively, during this week.

38.     Defendants' payroll records produced to the Secretary falsely reflect that the company paid employees an hourly rate, whereas Defendants paid employees a fixed salary.

39.     When Defendants' payroll records do show some overtime worked, the total was often significantly less than the 54 to 60 hours per week actually worked by many employees.

40.     Defendants' payroll records falsely reflect that Defendants paid employees time and a half for overtime hours, whereas Defendants actually paid employees a fixed salary without any premium compensation for overtime work.

41.     Defendants' payroll records do not record cash payments that the company makes to employees.

42.     At all relevant times, Defendants have not maintained accurate and complete records of hours worked by employees, including daily and weekly hours worked.

**Defendants' Interference with the Department of Labor Investigation**

43.     On or about February 4, 2017, the Wage and Hour Division ("Wage Hour") of the U.S. Department of Labor initiated an investigation into Defendants' pay and recordkeeping practices at the Valley Stream Store pursuant to Section 11(a) of the Act.

44.     On or about February 16, 2017, Wage Hour Investigator Janese Gonzalez and Assistant District Director William Dempsey visited the Valley Stream Store to, among other things, discuss Defendants' FLSA obligations, to request Defendants' payroll and time records and employee contact information, and speak with employees.  Upon their arrival, Defendants told employees to hide or leave because government immigration agents were at the store.

45.     As a result of this instruction, numerous employees of Defendants fled the supermarket to hide in the basement and in a store across the street. These employees remained outside the supermarket until they were told that the government agents had left.

46.     Shortly after Wage Hour's worksite visit, defendant SHEAK RIPON RONY instructed employees to lie to the Department if questioned by the Department. Specifically, defendant SHEAK RIPON RONY directed employees to falsely tell Department of Labor investigators that they do not work more than 40 hours per week and that Defendants pay them every week. SHEAK RIPON RONY has repeated similar instructions to Defendants' employees on numerous occasions.

47.     Despite not paying employees the overtime pay that they are owed, Defendants have conditioned payment on employees signing documents that falsely state that they have received their "pay in full" with "no remaining balance."

48.     SHEAK RIPON RONY has also told employees that he would fire them if they even spoke to investigators.

**Defendants' Conduct is Willful**

49.     As described herein, Defendants' actions have been willful.

50.     Defendants have taken steps to simulate compliance with the Act by creating false payroll records showing only 40 hours of work each week and requiring employees to sign documents with misleading statements about their pay.

51.     Defendants also attempted to hide their violations by showing hourly wages on their payroll records when in fact, Defendants paid many non-exempt employees daily or weekly salaries.

52.     Defendants directed employees to falsely tell Wage Hour investigators that they do not work more than 40 hours per week; produced falsified records to the Department; chose to not maintain payroll records for many employees; and paid many employees partially or fully in cash to avoid detection.

**FIRST CAUSE OF ACTION**
**(Failure to Pay Minimum Wage in Violation of the FLSA)**

53.     The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 52 of the complaint.

54.     By willfully failing to pay employees any wages for their final days or weeks of work at the company, and by willfully not paying employees their wages until days or weeks after their regular pay day, Defendants failed to promptly pay workers their statutory minimum wage in violation of sections 6 and 15(a)(2) of the Act.

55.     Accordingly, Defendants are liable for any unpaid minimum wages and an equal amount in liquidated damages under section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid minimum wages and prejudgment interest on said unpaid minimum wages under section 17 of the Act. Defendants are also liable for an amount of liquidated damages equal

9

to the wages that were paid late, or if liquidated damages are not awarded, prejudgment interest on said late paid wages.

## SECOND CAUSE OF ACTION
### (Failure to Pay Overtime Wages in Violation of the FLSA)

56.     The Secretary incorporates by reference and re-alleges the allegations in Paragraphs 1 through 52 of the Complaint.

57.     By paying their non-exempt employees fixed salaries without overtime premiums when employees work more than 40 hours per week, and frequently 54 to 60 hours per week, Defendants have repeatedly violated the provisions of Section 7(a) and 15(a)(2) of the Act.

58.     Defendants' overtime violations have been willful.  Defendants have attempted to conceal their overtime violations from the Department.  Defendants directed employees to falsely tell Wage Hour investigators that they do not work more than 40 hours per week; produced falsified records to the Department; chose to not maintain payroll records for many employees; paid many employees partially or fully in cash to avoid detection; and required employees to condition payment on employees signing documents falsely stating that they were paid in full despite their not having received overtime pay.

59.     Therefore, Defendants are liable for unpaid overtime compensation owed to their employees under Section 7(a) of the Act and an additional equal amount in liquidated damages pursuant to Section 16(c) of the Act, or, in the event that liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under Section 17 of the Act.

## THIRD CAUSE OF ACTION
### (Failure to Keep and Preserve Accurate Records in Violation of the FLSA)

60.     The Secretary incorporates by reference and re-alleges the allegations in Paragraphs 1 through 52 of the Complaint.

61.     Defendants have willfully violated Section 11(c) of the Act, in that Defendants have failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment as required by 29 CFR Part 516.  More specifically, Defendants have failed to keep adequate and accurate records of their employees' daily and weekly hours of work, including daily start and stop times and overtime hours worked, total weekly payments, and rates of pay.

62.     By engaging in conduct set forth in Paragraphs 1 through 52 above, Defendants have violated and are continuing to violate Section 11(c) of the FLSA, 29 U.S.C. § 211(c).

## FOURTH CAUSE OF ACTION
### (Obstructing the Secretary's Investigation in Violation of the FLSA)

63.     The Secretary incorporates by reference and re-alleges the allegations in Paragraphs 1 through 52 of the Complaint.

64.     During the course of Wage Hour's investigation, Defendants have provided false information to the Department regarding the hours worked by and wages paid to their employees.

65.     During the course of Wage Hour's investigation, Defendants have directed employees to provide false information to Wage Hour regarding their hours worked.

66.     Defendants have violated and are violating the provisions of Section 11(a) of the FLSA, 29 U.S.C. § 211(a), by obstructing the Secretary's investigation into Defendants' compliance with the FLSA, by, among other things, providing false information about employees' hours and pay to Wage Hour investigators, instructing employees to provide false information to Wage Hour investigators, hiding employees from the Department by telling them to leave the store

when the Department conducted a workplace inspection, and by agreeing to pay employees their wages only if they refrained from communicating with the Department and signed documents with misleading statements about their pay.  Such conduct undermines the Secretary's ability to conduct a full investigation into Defendants' compliance with the Act.

67.     Defendants' interference with the Secretary's investigation and the investigative provisions of the FLSA is willful and continuing.

**FIFTH CAUSE OF ACTION**
**(Defendants Retaliated Against Employees in Violation of the FLSA)**

68.     The Secretary incorporates by reference and re-alleges the allegations in Paragraphs 1 through 52 of the Complaint.

69.     As a result of the threats and obstructions set forth in Paragraphs 1 through 52 above, a reasonable employee would be dissuaded from engaging in protected activity, such as cooperating fully with Wage Hour or testifying in a proceeding.

70.     As a result of the threats and obstructions set forth in Paragraphs 1 through 52 above, Defendants' employees are scared to fully cooperate with Wage Hour investigators or testify at trial, because they are concerned about possible retaliation.

71.     As a result of the threats and obstruction set forth in Paragraphs 1 through 52, many of Defendants' employees have refused to speak to Wage Hour investigators.

72.     Defendants' threats and obstruction has also interfered with the Department's ability to compute the extent of back wages owed.

73.     By engaging in the conduct set forth in Paragraphs 1 through 52 above, Defendants have violated and are continuing to violate Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by discriminating against employees for engaging, or preparing to engage, in activity that is

protected by the FLSA.  Defendants continue to engage in willful, coercive and intimidating behavior in violation of Section 15(a)(3) of the Act.

**WHEREFORE**, cause having been shown, Plaintiff respectfully prays for judgment against Defendants providing the following relief:

1.      An injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from obstructing the Secretary's investigation in any way and from violating the provisions of Sections 6, 7(a), 11(a), 11(c), and 15(a)(3) of the Act;

2.      An injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from telling anyone who works for them to provide false information to the Secretary or to otherwise not cooperate with the Secretary;

3.      An injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from terminating or threatening to terminate any employee or reporting or threatening to report to immigration authorities, or retaliating or discriminating against their employees in any other way, based on their belief that such employees have complained about FLSA violations or have spoken or will speak with any personnel from the U.S. Department of Labor;

4.      An injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants from failing to comply with the recordkeeping provisions required

by the FLSA, including but not limited to recording all hours of work performed by all of their employees;

5.      An order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation found due Defendants' employees listed on the attached Exhibit A and an equal amount of liquidated damages (additional back wage compensation and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or

6.      In the event that liquidated damages are not awarded, for an injunction issued under Section 17 of the act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wage and overtime compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

7.      An order compelling Defendants to reimburse the Secretary for the costs of this action;

8.      An order for punitive and compensatory damages, and all other legal or equitable relief as appropriate to remedy violations of Section 15(a)(3) of the Act; and

9.      An order granting such other relief as the Court may deem necessary or appropriate.


DATED:      June 20, 2018
            New York, New York

                                    ___s/Kate S. O'Scannlain_____
                                    KATE S. O'SCANNLAIN
                                    Solicitor of Labor

    s/Jeffrey S. Rogoff
JEFFREY S. ROGOFF
Regional Solicitor


    s/Jacob Heyman-Kantor
JACOB HEYMAN-KANTOR
Trial Attorney


    s/Amy Tai
AMY TAI
Trial Attorney


U.S. Department of Labor,
*Attorneys for Plaintiff Secretary of Labor*

U.S. Department of Labor
Office of the Regional Solicitor
201 Varick Street, Room 983
New York, NY 10014
(646) 264-3672
(646) 264-3653
(646) 264-3660 (fax)

heymankantor.jacob@dol.gov
tai.amy@dol.gov
NY-SOL-ECF@dol.gov

Exhibit A

Anna Aguilar
Antonio Astudillo
Yolanda Contreras
Abraham Doe
Dona Doe
Esperanza Doe
Gulab Doe
Losseni Doe
Lucky Doe
Lovely Doe
Happy Doe
Hrpret Doe
Jack Doe
Paz Doe
Lizqin Guanerjes
Aneela Khalid
Harpreet Kaur
Jose Nayoll
Elisa Perez
Emilio Rosendo
Seydou Sakho
Akm Shamim
Harpreet Singh
Lovepareet Singh
Pablo Xoqui